UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SANTURE, #161394,

       Plaintiff,                       Case No. 2:11-CV-10193

v.                                        Honorable Denise Page Hood
                                              Magistrate Judge David R. Grand

MARK HATT,

       Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. #8)

*Pro se* Plaintiff Daniel Santure's Motion for Default Judgment (Doc. #8) is before the court for a Report and Recommendation. Doc. #22; 28 U.S.C. 636(b)(1)(B). For the reasons stated below, the court recommends that Santure's motion be denied.

**A.**     **Brief Statement of Relevant Facts**

Relevant to Santure's Motion for Default Judgment are the following events: Santure filed his complaint on January 14, 2011 (Doc. #1); on February 4, 2011, the court entered an order dismissing much of the complaint, and directing the U.S. Marshal to serve the sole remaining defendant, Mark Hatt (Doc. #5); on May 17, 2011, the U.S. Marshal acknowledged receipt of the court's order and the summons and complaint (Doc. #9); the Marshal served a copy of those materials upon Hatt on May 18, 2011 (*see* Docket Text Notice); Hatt was given until July 25, 2011 to answer the complaint (*id.*); and on July 15, 2011, Hatt defended the action by filing a motion for summary judgment (Doc. #13).

On May 4, 2011, Santure filed a "7 day Notice" and affidavit attesting to the fact that Hatt had not answered his complaint (Doc. #7), and on May 12, 2011, Santure filed his instant Motion for Default Judgment. Doc. #8.

**B.**     **Analysis**

In order to obtain a default judgment, the proponent must first request and obtain the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). *Hanner v. City of Dearborn Heights*, 2008 WL 2744860, at *1 (E.D. Mich. Jul. 14, 2008). If obtained, the proponent may then, under Fed. R. Civ. P. 55(b), file for default judgment by the clerk or by the court. *Id.* (collecting cases). Absent the entry of a default under Rule 55(a), no default judgment may be entered under Rule 55(b). *Id.* Under these principles governing the entry of default and default judgment, it is clear that Santure's instant motion should be denied.

The court notes that Santure's "7 day Notice" appears to be the notice required by Fed. R. Civ. P. 55(b)(2), rather than an application to the clerk for entry of a default filed under Rule 55(a). However, even construing Santure's "Notice" materials as a request for the clerk's entry of default under Rule 55(a), Santure would not be entitled to the relief he seeks. Because Hatt had not been served by the time Santure filed his May 4, 2011 "Notice," it would have been improper for the clerk to have entered a default against Hatt at that time. Fed. R. Civ. P. 55(a); *Russell v. Tribley*, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011) ("Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.") (quoting *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1269 n. 2 (D. Kan. 2008)). Once served, Hatt acted in accordance with the deadlines imposed by the court. Moreover, since no default has been entered, Santure is not entitled to a default judgment. *Hanner*, 2008 WL 2744860, at *1; Fed. R. Civ. P. 55(a) and (b).

**C.** **Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff Daniel Santure's Motion for Default Judgment (Doc. #8) be **DENIED**.

Dated: February 6, 2012              s/ David R. Grand
                                     DAVID R. GRAND
                                     UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 6, 2012.

                                     s/Felicia M. Moses
                                     FELICIA M. MOSES
                                     Case Manager