**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL SANTURE,

    Plaintiff,                                        Case No. 11-10193
                                                      Honorable Denise Page Hood

v.

MARK HATT,

    Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION,**
**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,**
**ORDER GRANTING SECOND MOTION FOR SUMMARY JUDGMENT**
**and**
**ORDER DISMISSING ACTION**

**I.    REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation filed September 24, 2012 [Doc. No. 57]. Plaintiff filed Objections to the Report and Recommendation on October 12, 2012.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation, the parties' briefs and Plaintiff's Objections, the Court finds that his findings and conclusions are correct. The Court agrees with the Magistrate Judge that Plaintiff has not alleged or established the requisite degree of mental culpability by Defendant Mark Hatt required to succeed on a deliberate indifference claim under the Eighth Amendment. The Court further agrees with the Magistrate Judge that Defendant Hatt has submitted sufficient evidence to establish that Plaintiff's injury was *de minimis* which does not rise to an Eighth Amendment claim. Plaintiff failed to raise a material question of fact on this issue. The Court also agrees with the Magistrate Judge that Defendant has established that he is entitled to qualified immunity.

## II.   REMAINING MOTIONS/OBJECTION

Plaintiff filed a Motion for Relief from Judgment under Rule 60(b) asserting new evidence as to dismissed Defendant John DeWitt's participation in this claim. On February 4, 2011, the Court entered an order dismissing Defendant DeWitt for failure to state a claim upon which relief may be granted. (Doc. No. 5) The time to file a Motion for Reconsideration as to the February 4, 2011 Order has passed under E.D. Mich. LR 7.1. The "new evidence" cited by Plaintiff in his motion is Defendant Hatt's response to Plaintiff's interrogatories which is not attached to the this motion, but is attached to Plaintiff's response to Defendant Hatt's second Motion for Summary Judgment. (See Doc. No. 38, Pg ID 335-339)

A review of this exhibit fails to establish that Defendant DeWitt had personal involvement

in directing Plaintiff to use the grinder. The interrogatory response does not name Defendant DeWitt as having knowledge of the facts as to how Plaintiff was injured. (Doc. No. 38, Pg ID 335-336; Inter. Resp. No. 8) Although Defendant Hatt responded that Defendant DeWitt had knowledge that the safety device had been removed from the hand-held grinder, the interrogatory response also indicated that most of the maintenance staff, including Plaintiff and other inmates, had the same knowledge. (Doc. No. 38, Pg ID 337) The interrogatory responses by Defendant Hatt does not establish that Defendant DeWitt had personal involvement as to whether or not Plaintiff was directed to use the hand-grinder without the safety guard which caused Plaintiff's injury. Plaintiff's Motion for Relief from Judgment is denied.

Plaintiff also filed a Motion for Judgment after the Magistrate Judge's Report and Recommendation addressed the parties' cross-motions for summary judgment. The Motion for Judgment addresses the same issues set forth in the parties' cross-motions for summary judgment which was addressed by the Magistrate Judge in the Report and Recommendation. For the same reasons set forth above and in the Report and Recommendation, Plaintiff's Motion for Judgment is denied.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge David R. Grand's September 24, 2012 Report and Recommendation **[No. 57]** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[No. 46]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Second Motion for Summary Judgment **[No. 30]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Objections **[Nos. 56 and 59]** are OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Relief from Judgment **[No. 53]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment **[No. 61]** is DENIED and the Order of Reference as to this motion is RESCINDED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 27, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager